FILED BY _____ D.C.

05 MAY -5 AM 6:56

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SEDLEY ALLEY, ) | |
|       Petitioner, ) | |
| v. ) | No. 97-3159-D/V |
| RICKY BELL, ) | |
|       Respondent. ) | |

**ORDER**

This matter is before the Court pursuant to three separate motions of the Petitioner: a motion to reinstate his motion for discovery, a motion to rescind this Court's March 16, 2005 order directing him to withdraw his motion for relief from judgment, and a motion for a status conference.

Petitioner, an inmate under a sentence of death at Riverbend Maximum Security Institution in Nashville, Tennessee, seeks relief from this Court's November 4, 1999 judgment denying him habeas relief. The Sixth Circuit Court of Appeals affirmed this Court's judgment in denying habeas relief. See Alley v. Bell, 307 F.3d 380 (6th Cir. 2002), cert. denied, 540 U.S. 839 (2003). Petitioner filed his first amended motion for relief from judgment on May 12, 2004. This Court stayed his scheduled execution and consideration of his motion for relief pending the Sixth Circuit's en banc decision in In re Abdur'Rahman, 392 F.3d 174 (6th Cir. 2004). The Respondent then moved before the Sixth Circuit to vacate the stay entered by this Court.

In <u>Abdur'Rahman</u>, the Sixth Circuit addressed the conditions under which motions for relief from judgment, pursuant to Rule 60(b) Fed. R. Civ. P., in habeas cases are to be considered proper motions for relief or prohibited second or successive habeas petitions subject to the gatekeeping requirements of the AEDPA. Adopting a "functional approach," the court held that when a Rule 60(b) motion for relief seeks to relitigate the constitutionality of the underlying conviction, it is properly deemed a prohibited second or successive habeas petition. <u>Id.</u> at 181. However, if the habeas petitioner is merely challenging the integrity of the district court's judgment under one of the provisions of Rule 60(b), then the district court may consider the motion under that provision. <u>Id.</u> Though the Sixth Circuit initially refused to vacate the stay entered by this Court, the day following the release of the opinion in <u>Abdur'Rahman</u>, a Sixth Circuit panel released its opinion on Respondent's motion to vacate the stay. The panel determined, under the standards enunciated in <u>Abdur'Rahman</u>, that Petitioner's motion for relief ultimately sought to relitigate the constitutionality of his conviction, and therefore was not cognizable in this Court without prior approval from a panel of the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). <u>Alley v. Bell</u>, 392 F.3d 822, 829 (6th Cir. 2004), <u>vacated by</u> __ F.3d __, 2005 WL 857009 (6th Cir. 2005). Given the panel's ruling that this Court lacked jurisdiction to consider Petitioner's motion for relief, this Court entered separate orders striking a pending discovery motion of Petitioner and instructing

2

him to withdraw his motion for relief or risk having it transferred to a panel of the Sixth Circuit pursuant to the AEDPA and the prior panel opinion.

Upon granting Petitioner's motion for rehearing, on April 11, 2005 the Sixth Circuit vacated the panel's opinion and remanded to this Court to determine, in the first instance, whether Petitioner's motion for relief is indeed a proper Rule 60(b) motion for relief. <u>Alley</u>, __ F.3d at __, 2005 WL 857009 at 1. Accordingly, Petitioner has now moved this Court to reinstate his prior discovery motion, rescind its order directing him to withdraw his motion for relief, and to schedule a status conference.

Despite the Sixth Circuit's opinion in <u>Abdur'Rahman</u>, the state of the law in this area remains in flux. Tennessee is seeking review of the Sixth Circuit's decision in the Supreme Court. <u>Bell v. Abdur'Rahman</u>, No. 04-1247 (docketed March 16, 2005). Though the Sixth Circuit has established its functional approach to evaluating Rule 60(b) motions for relief in habeas cases, there is sharp division within that court as to how those standards are to be applied on a case by case basis. <u>Compare</u> <u>Alley</u>, 392 F.3d 829 (finding all of the claims for relief raised by Alley to be prohibited attempts at relitigation of the constitutionality of his trial) <u>with</u> <u>Alley</u>,__ F.3d __, 2005 WL 857009 (Cole, J., concurring)(stating, joined by four circuit judges, that Petitioner's claim for fraud on the court raises a proper claim of relief pursuant to Rule 60(b)). Division among the circuits was discussed in <u>Abdur'Rahman</u>, and continues to be a theme of

3

litigation in this area. The Court is aware that the Supreme Court has granted certiorari and is now considering this very issue during its current term. See Gonzalez v. Crosby, No. 04-6432, cert. granted 543 U.S. __ (2005). The Court is also aware that both Abdur'Rahman and Tennessee have filed amicus curiae briefs with the Supreme Court as it considers Gonzalez.

Given all of the above, the Court finds that prudent disposition of this matter requires further clarification from the Supreme Court in this area of the law. Therefore, in accord with the mandate of the Sixth Circuit's order remanding this case, the Court hereby grants Petitioner's motion to rescind its prior order (docket no. 145) directing him to withdraw his motion for relief. Petitioner's motion to reinstate his prior discovery motion (docket no. 132) is granted. Because the Court intends to consider Petitioner's motion for relief in light of the eventual decision of the Supreme Court in Gonzalez, the Court denies Petitioner's motion for a status conference. Petitioner may re-move for a status conference after the opinion in Gonzalez is released. Finally, the stay of execution entered by this Court is hereby extended, in accord with the rest of this order, pending the Supreme Court's decision in Gonzalez v. Crosby and this Court's subsequent consideration of Petitioner's Rule 60(b) motion.

**IT IS SO ORDERED** this _29th_ day of April, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 156 in case 2:97-CV-03159 was distributed by fax, mail, or direct printing on May 6, 2005 to the parties listed.

---

Paul R. Bottei
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway
Ste. 200
Nashville, TN 37203

Henry Alan Martin
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway
Ste. 200
Nashville, TN 37203

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Glenn R. Pruden
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Sedley Alley
RMSF-Nashville
Unit II
7475 Cockrill Bend Industrial Road
Nashville, TN 37209--101

Joseph F. Whalen
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Honorable Bernice Donald
US DISTRICT COURT