FILED BY _____ D.C.

05 NOV 28 AM 6:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SEDLEY ALLEY,                      )
                                   )
            Petitioner,            )
                                   )
v.                                 )       No. 97-3159-D/V
                                   )
RICKY BELL,                        )
                                   )
            Respondent.            )
                                   )

---

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

---

This matter is before the Court pursuant to Petitioner's request for relief from this Court's judgment denying him habeas corpus relief on several claims related to his conviction and sentence of death. In 1987, a Shelby county jury convicted Petitioner on charges of kidnapping, rape, and first-degree murder in the death of United States Marine Lance Corporal Suzanne Marie Collins. After Petitioner's sentence and conviction were upheld on appeal, he began a lengthy series of collateral attacks on the sentence in the state and federal courts. In this Court, Petitioner's habeas petition was denied on November 4, 1999, and that decision was affirmed on appeal. See Alley v. Bell, 101 F.Supp.2d 588 (W.D. Tenn. Jan. 18, 2000), aff'd. 307 F.3d 380 (6th Cir. 2002), cert. denied 540 U.S. 839 (2003). Petitioner thereafter began the instant course of litigation, seeking a certificate of appealability and relief from the Court's denial of

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

169

habeas relief pursuant to Fed. R. Civ. P. 60(b) and what he alleges to be this Court's "inherent authority."

The Court initially stayed its consideration of Petitioner's motion pending the decision of the Sixth Circuit Court of Appeals in In re Abdur'Rahman, 392 F.3d 174 (6th Cir. 2004), vacated 545 U.S. ___, 125 S. Ct. 2991 (2005).  Following the release of the decision in that case, the Sixth Circuit issued an opinion holding that Petitioner's motion for relief, before that court pursuant to the Respondent's motion to vacate the stay of execution entered by this Court, was the equivalent of a prohibited second or successive habeas petition and was therefore beyond the pale of this Court's jurisdiction.  Alley v. Bell, 392 F.3d 822, 829 (6th Cir. 2004), vacated 405 F.3d 371 (6th Cir. 2005).  Accordingly, this Court ordered Alley to withdraw the motion for relief or risk having it transferred to a panel of the Sixth Circuit for consideration as a second or successive habeas petition.  See Order To Withdraw Petitioner's Motion For Relief From Judgment, R. 145 at 2-3. However, Petitioner succeeded in persuading the appellate court to grant rehearing en banc, and, upon rehearing, the Sixth Circuit remanded to this Court to determine, in the first instance, whether Petitioner's motion constituted a proper motion for relief or a prohibited second or successive habeas petition.  Alley, 405 F.3d at 372.  After the remand, this Court again stayed consideration of Petitioner's motion pending the decision of the United States Supreme Court in Gonzalez v. Crosby, 545 U.S. ___, 125 S. Ct. 2641 (2005).

2

In *Gonzalez*, the Court addressed the interplay of the AEDPA's restrictions on successive habeas applications and motions for relief from judgment pursuant to Rule 60(b). The Court held that, in the habeas context, a proper motion for relief from judgment is one that attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at __, 125 S. Ct. at 2648. To the extent that a motion for relief from judgment attempts to present "claims" asserting a "federal basis for relief from a state court's judgment of conviction," such a motion is "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at __, 125 S. Ct. at 2647. The Court explained that a prohibited "claim" in such a motion may present a new ground for relief or attack the habeas court's "previous resolution of a claim *on the merits*." *Id.* at __, 125 S. Ct. at 2648 (emphasis in original). Thus, where a motion for relief merely asserts a non-merits based ground for revisiting the prior federal judgment, there is no prohibition on considering the motion for relief as denominated. Proceeding under this framework, the Court will now address Petitioner's motion for relief from judgment.

As a preliminary matter, consideration must first be given to Petitioner's argument that, regardless of what claims are cognizable under Rule 60(b), as explicated in *Gonzalez*, all of Petitioner's claims are within the ambit of the Court's

jurisdiction pursuant to the Court's Article III "inherent powers" over its own judgments. Petitioner maintains that this equitable power derives from the Constitution and may not be constrained by congressional action. Thus, Petitioner argues that

> when a petitioner proceeds directly under Article III (as Sedley Alley does), a District Court is not constrained by limitations contained in the AEDPA which, as explained in *Gonzalez*, only limit the scope of available relief under Rule 60(b). Limitations such as 28 U.S.C. § 2244(b)(1), therefore, simply do not apply to motions made under Article III, and a petitioner is entitled to directly invoke a District Court's inherent equitable powers, just as parties did long before Rule 60(b) was ever passed.

Petitioner's Reply To Response In Opposition To Motion For Equitable Relief ("Pet. Reply"), R. 166 at 9. Additionally, Petitioner asserts that this Court may consider each of his grounds for relief pursuant to 28 U.S.C. § 2243, which instructs a federal court considering a habeas application to "dispose of the matter as law and justice require," thus indicating that a District Court enjoys all the powers of equity in considering a habeas application.

Respondent argues that, whatever equitable powers inhere in the Court's dominion over its own judgments, Rule 60(b) both "'reflects and confirms'" those powers, thereby defining their limits, in the context of awarding relief from judgment. Respondent's Response In Opposition To Petitioner's Motion For Relief From Judgment And To Petitioner's Motion For Discovery #2, R. 160 at 8 n. 6 (quoting Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 233-234, 234-235 (1995)).

The Court is inclined to agree with Respondent that Rule 60(b) defines the circumstances under which relief from judgment may be granted, and that a District Court should not therefore go "off the map" to reopen past habeas judgments based on amorphous "inherent powers" of equity that are not at least alluded to in Rule 60(b). Such an unprincipled exercise of habeas jurisdiction would circumvent the legislative intent apparent in the AEDPA and would also, as Respondent asserts, render superfluous the express requirements of Rule 60(b) in awarding relief from judgment. The text of Rule 60(b) makes clear that it is attempting to express a court's inherent equitable powers over its own judgment. After listing several circumstances under which relief from judgment might be appropriate, the rule also allows that a District Court may grant relief from judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This provision of Rule 60(b) has historically been referred to as a "'reservoir of equitable power' to do justice in a particular case." In re Abdur'Rahman, 392 F.3d at 183 (citing Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 106 (4th Cir. 1979)). Additionally, the Court notes that Rule 60(b) contains a "savings clause" which recognizes that the rule does not limit the ability of a court to consider an "independent action to relieve a party from judgment . . . or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). However, though the "savings clause" of Rule 60(b) recognizes the continuing viability of these historical remedies, courts have also developed tests for the

propriety of granting relief in such actions which require far more than a district court's simple prerogative or equitable inclinations in a particular case. Rather, "independent actions" and actions to set aside a judgment for fraud upon the court are extraordinary remedies limited to very rare situations. See Buell v. Anderson, 48 Fed. Appx. 491, 497-500 (6th Cir. 2002)(discussing "independent actions" and "fraud upon the court actions" as separate entities and setting forth tests for each). Further, such "independent actions" may not be used as a vehicle to re-litigate a previous judgment, and are still subject to the AEDPA and its restrictions on successive habeas petitions to the same extent as are motions for relief proceeding under the express provisions of Rule 60(b). See Gonzalez v. Sec'y for Dept. of Corr., 366 F.3d 1253, 1277 n. 11 (11th Cir. 2004) and Booker v. Dugger, 825 F.2d 281, 284-85 n. 7 (11th Cir. 1987).

Petitioner appeared to have a firm grasp on these concepts given his explication of the various remedies embraced by Rule 60(b) in his motion for relief from judgment. See Second Amended Motion For Equitable Relief ("Pet. Mot. for Relief"), R. 158 at pp. 14-21. However, Petitioner now seems to have abandoned the "savings clause" of Rule 60(b) as an avenue upon which he may seek relief, instead arguing that "inherent powers" flowing from the Constitution, and thus unaffected by the AEDPA, are the basis upon which all of his contentions, including those apparently barred by Rule 60(b), may be heard by the Court. See Pet. Reply, R. 166 at pp. 7-10. Given all of the above, however, the Court rejects

Petitioner's argument to the extent that it asserts that the Court has the "inherent authority" to grant him relief in circumstances not embraced by Rule 60(b).

The Court notes that, were it inclined to reach a different conclusion regarding the existence of inherent equitable powers which exceed those alluded to in Rule 60(b), the Court would still be constrained by the Sixth Circuit's explicit command to apply only Rule 60(b) in its consideration of Petitioner's motion for relief from judgment on remand:

> We now grant rehearing en banc, and remand the case to the district court to determine, in the first instance, whether Alley's motion can be considered a proper Rule 60(b) motion under this court's opinion in *Abdur'Rahman*.

Alley, 405 F.3d at 372. Thus, it seems clear that, given the Sixth Circuit's acknowledgment of Petitioner's invocation of a district court's "inherent authority" in the panel's first opinion, see Alley, 392 F.3d at 832-33 (discussing Petitioner's claim that a district court's inherent powers empower the court to grant his requested relief, and denying that any such powers also render unconstitutional any statutory provision which divests a district court of the jurisdiction to grant such relief), the Sixth Circuit intended on remand that this Court concern itself only with Petitioner's motion as it relates to the strictures of Rule 60(b) and not any other alleged "inherent powers" of the Court. Indeed, it is perhaps unclear from the Sixth Circuit's remand whether that body intends for this Court to evaluate Petitioner's motion under just the express provisions of Rule 60(b), or whether this Court

7

may consider the motion as an independent action or action to set aside a judgment for fraud upon the court as alluded to in the "savings clause" of Rule 60(b).   Nonetheless, this Court will interpret the Sixth Circuit's remand in this case to encompass all potential actions referenced in Rule 60(b); thus, the Court will consider Petitioner's motion as one made pursuant to both Rule 60(b) and the independent actions referenced in the rule, but not pursuant to any other alleged "inherent powers" of the Court that Petitioner argues free the Court from the strictures of the AEDPA and current habeas jurisprudence.

## I.   THE COURT SHOULD GRANT RELIEF FROM JUDGMENT ON PETITION ¶ 35

Petitioner attacks the integrity of the Court's judgment denying his habeas claim related to the suppression of exculpatory evidence at his trial.   He alleges that the Court's judgment was procured through fraud, misrepresentation, and misconduct on the part of Respondent's counsel.   Before addressing the merits of this claim, the Court must first establish its jurisdictional basis for hearing the claim.

Petitioner argues that there are three separate bases upon which the Court may consider this claim: 1) Rule 60(b)(3); 2) as an independent action pursuant to the "savings clause" of Rule 60(b); and 3) as an action to set aside judgment for fraud upon the court. Regarding Rule 60(b)(3), allowing relief from judgment in cases of fraud, misrepresentation, or other misconduct, Petitioner argues that the rule's one-year limitation on the filing of a motion for relief should be equitably tolled because he was prevented from

filing the motion due to the conduct of the Respondent. However, Petitioner ignores the mandate of this circuit's precedent establishing that the one-year limitation applicable to Rule 60(b)(3) is absolute: "Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003). Petitioner first submitted his motion for relief from judgment in 2003, nearly four years after this Court entered its judgment denying habeas relief. Thus, this Court is precluded from considering this claim of Petitioner pursuant to Rule 60(b)(3).

Petitioner also asserts that this Court may consider this claim under both the "independent action" and "fraud upon the court" prongs of the "savings clause." Petitioner correctly relates that these are two separately available remedial actions when proceedings are tainted with fraud. See Buell, 48 Fed. Appx. at 497-98. Further, there are no time limitations on the pursuit of either of these two actions, other than the equitable requirement that they be brought in a reasonable time. However, before the Court may subject Petitioner's fraud claim to substantive analysis under either prong of the "savings clause," the Court must first establish whether Petitioner's fraud claim should proceed as denominated.

The root of Petitioner's claim is that during his trial the prosecution provided him and the court with a document which represented that the state had complied with all due process requirements regarding the disclosure of exculpatory evidence.

Further, that document was entered into the record during habeas proceedings in this Court.   Petitioner now asserts that he has discovered considerable exculpatory evidence which proves his due process rights were violated during his trial.   This allegedly exculpatory evidence consists of: 1) a report authored by a Shelby County Sheriff's Department officer which contains the following statement:

> the writer talked with Asst. ME, Dr. Bell, was advised
> the victim died sometime between 7-11-85 10:30 PM and 7-
> 12-85 approximately 3:30 AM- that in his opinion the
> victim had been died [sic] approximately six (6) hours
> when he saw the body and made the crime scene at 9:30 AM,
> 7-12-85;

and 2) handwritten notes of Dr. Bell wherein Dr. Bell recounts "I suggested to S White [that the victim had been] dead 6-8 hours at least before the 0930 time of pronouncement [of time of death]." Petitioner's remaining claims of withheld exculpatory evidence are based merely on inference and speculation.   For example, Petitioner asserts that a Naval Investigative Service (NIS) report prepared during the investigation of the murder withheld exculpatory evidence concerning the boyfriend of the victim because it merely stated that he was interviewed and did not provide any "pertinent information."   Petitioner now argues that the report was false and misleading because, based on his investigator's own interview with the boyfriend, he has uncovered evidence that the boyfriend committed the murder.   Similarly, Petitioner asserts that exculpatory evidence related to testing on hair found at the crime scene was withheld from him during his trial.   Petitioner extracts

this claim from "a careful inspection" of the testimony of the state's witness who conducted tests on the various hair samples gathered at the crime scene. The witness testified that a pubic hair collected at the scene was not sufficient for him to fairly compare to Petitioner's. Petitioner argues, however, that such a fair comparison can be rendered with only a "small cross-section of hair," and therefore the witness must have performed a comparison which failed to match the hairs, thus causing the witness to deem the hair insufficient for fair comparison.

Petitioner argues that the suppression of the above evidence throughout his trial and all post-conviction proceedings, despite the state's assurance that it had complied with its disclosure requirements, constitutes fraud upon the court sufficient to grant him relief from this Court's previous judgment denying ¶ 35 of his habeas petition. Paragraph 35 reads as follows:

> 35. In violation of the Fourteenth Amendment, the trial court and/or the prosecution withheld evidence which otherwise would have entitled Sedley Alley to a new trial, in violation of the Fourteenth Amendment. That evidence includes: the fact that the judge met with the jury *ex parte* during the course of the trial; the trial judge made derogatory profane comments about Petitioner during the course of the proceedings; the judge had other *ex parte* contact with the victim's family, including letter(s) and a Christmas card; and the withholding of Dr. Zager's opinions about mitigation, all in violation of <u>Brady v. Maryland</u>.

Petition For Writ Of Habeas Corpus ("Pet."), <u>Alley v. Bell</u>, no. 97-3159, R. 60 at 43, ¶ 35. The Court found this claim procedurally defaulted due to Petitioner's failure to present the claim in the

state courts. <u>Alley v. Bell</u>, 101 F. Supp.2d 588, 619 (W.D. Tenn. 2000).

The Court's judgment as to this claim was not procured through the fraud, misconduct, or misrepresentation of Respondent. Paragraph 35 raised claims related only to the suppression of evidence that might have entitled the Petitioner to a new trial due to the allegedly improper conduct of the trial judge. If the worst of Petitioner's allegations were true and Respondent had purposely deceived this Court regarding the evidence now offered by Petitioner, such deception would still be irrelevant both to the claims raised in ¶ 35 and to the Court's rationale for denying that part of the habeas petition. <u>See Baltia Air Lines, Inc. v. Transaction Management, Inc.</u>, 98 F.3d 640, 643 (D.C. Cir. 1996)(dismissing motion for relief because allegations of fraud and misrepresentation were not relevant to basis for contested judgment of the court) and <u>Simons v. Gorsuch</u>, 715 F.2d 1248, 1253 (7th Cir. 1983)(denying motion for relief because "materials presented in support of the motion are essentially irrelevant to the legal issues upon which the case turned"). Rather, Petitioner is essentially offering newly discovered evidence that his due process rights were violated during his trial. As such, he is not attacking the integrity of the Court's previous judgment denying habeas relief as to ¶ 35, and the newly proffered evidence may not be considered by this Court in a motion for relief from judgment. <u>See Gonzalez</u>, 545 U.S. at __, 125 S.Ct. at 2646-2647. Because the Court finds this claim to be a prohibited attempt at re-litigating

the constitutionality of his conviction and sentence, the Court is required to treat this portion of Petitioner's motion for relief as the fundamental equivalent of a second or successive habeas application thus obviating the need to consider Petitioner's claim under either prong of the "savings clause." Accordingly, this portion of Petitioner's motion for relief is DISMISSED.

## II.  THE COURT SHOULD GRANT RELIEF FROM JUDGMENT ON PETITION ¶ 29

In his motion for relief from judgment Petitioner argues that he is entitled to relief from this Court's previous judgment denying ¶ 29 of his habeas petition. Paragraph 29 sets forth Petitioner's claim that the "heinous, atrocious, and cruel" statutory aggravating factor relied upon in sentencing him to death was unconstitutionally vague in violation of the Eighth and Fourteenth Amendments. This Court denied relief on ¶ 29, holding that a valid narrowing construction had been adopted in Tennessee and applied in Petitioner's case, thus curing any facial invalidity in the aggravator. Alley, 101 F. Supp.2d at 643.

Petitioner initially advanced two arguments in support of his motion for relief from judgment. First, Petitioner asserted that the Sixth Circuit's decision in Cone v. Bell, 359 F.3d 785 (6th Cir. 2004), rev'd. 545 U.S. __, 125 S.Ct. 847 (2005), and the Supreme Court's subsequent decision in the same case demonstrate that this Court's previous judgment was erroneous. Next, Petitioner argued that he is entitled to relief from the Court's judgment denying him a certificate of appealability ("COA") on this claim in light of intervening case law and this Court's decision to

13

grant a COA on a "identical claim" in another case.  See Order On Petitioner's Motion to Certify Claims On Appeal, Payne v. Bell, no. 98-02963 at 4-5 (W.D. Tenn. Feb. 3, 2003).

Petitioner apparently, and correctly, now concedes that Gonzalez forecloses his claim for relief from this Court's judgment denying ¶ 29 on the merits because he may not attack this Court's adjudication of a claim on the merits in a motion for relief from judgment.  See Pet. Reply, R. 166 at 13-14; Gonzalez, 545 U.S. at __, 125 S.Ct. at 2646-47.  However, Petitioner continues to assert that he is entitled to relief from this Court's judgment denying him a COA because the request for a COA seeks only "procedural relief," and thus involves only a request for relief from a nonmerits aspect of the habeas proceedings.  Pet. Reply, R. 166 at 12.

Assuming, arguendo, that such a contention is indeed valid, Petitioner is not entitled to a COA on this claim.  As Petitioner noted in his motion for relief, this Court granted a COA on a purportedly "identical" issue in Payne v. Bell.  In Payne, the Sixth Circuit ruled that, under the Supreme Court's decision in Cone, the lack of an affirmative indication in the state supreme court opinion affirming Payne's conviction that the Court was not relying on its established precedent setting forth a valid narrowing construction to the HAC aggravator was sufficient to conclude that such a construction had been applied.  See Payne v. Bell, 418 F.3d 644, 657-58 (6th Cir. 2005).  The Supreme Court of Tennessee's language in affirming Petitioner's conviction and

sentence tracks closely its language in the <u>Payne</u> case and makes clear that the court was relying upon its precedents in evaluating the arbitrariness of Petitioner's sentence:

> We have carefully reviewed this case in accord with the requirements of T.C.A. § 39-2-205(c) and find that the sentence was not imposed in any arbitrary fashion, that the evidence supports the jury's findings of the aggravating circumstances in T.C.A. § 39-2-203(i)(5) and (i)(7), the absence of any mitigating circumstances and that the sentence of death was not disproportionate to the penalty in similar cases.

<u>State v. Alley</u>, 776 S.W.2d 506, 519 (Tenn. 1989); <u>cf.</u> <u>State v. Payne</u>, 791 S.W.2d 10, 21 (Tenn. 1990)(holding, in a passage cited approvingly by the Sixth Circuit, "[p]ursuant to Tenn. Code Ann. §§ 39-13-205 we have reviewed the sentence of death and are of the opinion that it was neither excessive nor disproportionate to the penalty imposed in similar cases").  The Sixth Circuit's decision in <u>Payne</u> makes clear that this Court was correct in denying Petitioner habeas relief on this claim and he therefore cannot show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(setting forth burden of proof required of petitioner seeking a COA).  Petitioner's argument that he is entitled to relief from this Court's judgment denying him a COA as to ¶ 29 is without merit and, accordingly, this portion of his motion for relief is DENIED.

**III.  THE COURT SHOULD GRANT RELIEF FROM JUDGMENT FOR ALL CLAIMS DENIED ON THE BASIS OF PROCEDURAL DEFAULT OR THE STANDARD OF REVIEW SET FORTH IN 28 U.S.C. § 2254(d)**

Petitioner argues that he is entitled to relief from judgment on all habeas claims dismissed by this Court on the basis of procedural default or application of the standard of review required by 28 U.S.C. § 2254.  Petitioner asserts that his claims should not be subject to procedural default or AEDPA's standard of review given congressional action in the Theresa Schiavo matter. In essence, he argues that Congress' passage of S.686 ("An Act For The Relief Of The Parents Of Theresa Marie Schiavo") in March, 2005, makes clear that "the principle that when the fundamental right to life is involved - as it is here: A federal petitioner cannot be subjected to procedural default, and state court determinations which will result in the deprivation of life are entitled to no deference."  Pet. Mot. for Relief at 44.  This is so, Petitioner argues, because Congress intended to give Schiavo's parents plenary review in federal court of any claim that their daughter's constitutional rights were violated, regardless of whether such a claim had previously been adjudicated, or even raised, in the state courts.  Petitioner asserts that it violates his Fifth Amendment equal protection rights for Congress to grant such unprecedented review in Schiavo's case while denying him the same.  Petitioner and Schiavo are similarly situated, he believes, because, like Schiavo's parents, he seeks "federal relief from a state court judgment which, if enforced, would deny the fundamental right to life."  Pet. Mot. for Relief at 48.

To the extent that Petitioner argues that he is entitled to relief from the Court's judgment dismissing several of his habeas

16

claims on the merits pursuant to the standard of review required by

§ 2254, <u>Gonzalez</u> makes clear that such claims are subject to the

limitations on second or successive habeas applications, and may

not now be asserted in a motion for relief from judgment:

> [a] motion can also be said to bring a 'claim' if it
> attacks the federal court's previous resolution of a
> claim *on the merits*, since alleging that the court erred
> in denying habeas relief on the merits is effectively
> indistinguishable from alleging that the movant is, under
> the substantive provisions of the statutes, entitled to
> habeas relief.

<u>Gonzalez</u>, 545 U.S. at __, 125 S.Ct. at 2648 (emphasis in

original)(footnote omitted).   Though Petitioner attempts to

characterize this claim in language suggesting that he is merely

attacking the integrity of the Court's previous judgment, which he

argues is compromised by the Court's review of his claims under a

"completely erroneous and constitutionally invalid standard of

review," there is no basis for the Court to consider the claim as

anything but either an allegation of error in the Court's judgment

on the merits or an attempt to take advantage of a purported

intervening change in substantive law.   <u>Gonzalez</u> makes clear that

neither ground is sufficient to sustain a motion for relief, <u>see</u>

<u>id.</u> at 2647, and remove it from the strictures applicable to second

or successive habeas applications.   Accordingly, Petitioner's claim

that he is entitled to relief from the Court's judgment denying his

habeas claims under the standard of review mandated by § 2254 is

DISMISSED.

Petitioner also relies on the argument set forth above in

support of his claim that he is entitled to relief from the Court's

17

judgment dismissing several of his habeas claims on the grounds of
procedural default.  He maintains that this claim is cognizable as
a "true" Rule 60(b) claim because it attacks the Court's previous
resolution of several of his habeas claims on a non-merits basis.
Though he invokes no particular provision of Rule 60(b) in arguing
that he is entitled to relief from judgment, the "equitable
reservoir" of Rule 60(b)(6) provides the only conceivable basis for
considering the claim pursuant to the Rule.  However, Petitioner
has failed to demonstrate the existence of any "'extraordinary
circumstances' justifying the reopening of a final judgment," as is
required in obtaining relief pursuant to Rule 60(b)(6).  Id. at
2649.  Congress' passage of S.686 does not address in any fashion
the doctrine of procedural default as it is applied in federal
habeas actions and cannot therefore constitute an "extraordinary
circumstance" entitling Petitioner to have his habeas petition
reopened for consideration of claims found barred under that
doctrine.  The Schiavo Act endows only the parents of Schiavo with
standing to bring a suit in the Middle District of Florida seeking
to vindicate their daughter's constitutional rights related to her
husband's decision to deny her life sustaining treatment.  The
jurisdiction for such an action, whether or not such was
constitutionally valid, inhered in the special grant of
jurisdiction set forth in the statute, not in habeas corpus.  See
Schiavo ex rel. Schindler v. Schiavo, 404 F.3d 1270, 1271 (11th
Cir. 2005)(Birch, J. concurring).  Thus, Schiavo and Petitioner are
not "similarly situated" because only Petitioner is aggrieved by

18

the application of the traditional procedural default doctrine in habeas cases.   Importantly, the Act expressly disclaims that it creates any substantive rights or that it may constitute precedent for any future legislation.   Pub. L. No. 109-3, 119 Stat. 15, §§ 5 & 7.   Thus, it is apparent that Congress intended for the act to be strictly limited in scope to the circumstances expressed within the Act, and did not intend for the Act to function as a tool for abrogating current habeas law and jurisprudence.   Accordingly, Petitioner has failed to demonstrate the "extraordinary circumstance" necessary to reopen his habeas judgment pursuant to Rule 60(b)(6).

For the same reasons given above, Petitioner is not entitled to relief on this claim pursuant to the "independent action" prong of the "savings clause."   Relief from judgment pursuant to the "independent action" prong is rarely granted and is reserved for cases demonstrating "exceptional circumstances" where relief is necessary to prevent a grave miscarriage of justice should the judgment stand.   Barrett v. Sec'y of Health and Human Serv., 840 F.2d 1259, 1263 (6th Cir. 1987).   The Court need not further subject Petitioner's claim to the elements of the "independent action" because, just as Petitioner's attempt to avail himself of the special legislation passed in the Schiavo matter fails to constitute an "extraordinary circumstance" for purposes of relief under Rule 60(b)(6), it also fails to constitute the type of "exceptional circumstance" required as a predicate for granting relief in an "independent action."   Accordingly, for all of the

reasons given above, this portion of Petitioner's motion for relief from judgment is DISMISSED.

## IV.   THE COURT SHOULD GRANT RELIEF FROM JUDGMENT ON PETITION ¶ 28

Paragraph 28 of Petitioner's habeas petition set forth his claim that he was denied his fundamental right to present mitigating evidence at his sentencing due to the trial court's exclusion of videotaped hypnotic interviews of Petitioner. This Court denied Petitioner's claim, finding that the evidence was inadmissible, and that, therefore, exclusion was not improper. Alley, 101 F.Supp.2d at 640.   Petitioner now asserts that an intervening decision of the Tennessee Supreme Court, State v. Carter, 114 S.W.3d 895 (Tenn. 2003), makes clear that this Court's prior holding was erroneous.

Petitioner concedes that this claim may not proceed in a Rule 60(b) motion because a habeas Petitioner may not "invoke Rule 60(b) to seek application of a 'purported change in the substantive law governing the claim.'" Pet. Reply, R. 166 at 4-5, 13 (quoting Gonzalez, 545 U.S. at ___, 125 S.Ct. at 2647-48).   However, this Court is also precluded from considering this portion of Petitioner's motion pursuant to the "independent action" prong of the "savings clause" because it clearly seeks to reassert a claim already denied on the merits, and Gonzalez makes clear that any motion for relief, however styled by the movant, which attacks a court's disposition of a habeas claim on the merits is in form and effect a prohibited second or successive habeas application. Therefore, this Court is barred from reconsidering its prior

judgment denying ¶ 28 based on any purported intervening change in the law governing the claim.   Accordingly, this portion of Petitioner's motion for relief is DISMISSED.

## V.  CONCLUSION

For all of the reasons given above, Petitioner's motion for relief from this Court's judgment denying him habeas relief is without merit and is therefore DENIED.

**IT IS SO ORDERED** this _18th_ day of November, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 169 in
case 2:97-CV-03159 was distributed by fax, mail, or direct printing on
November 28, 2005 to the parties listed.

---

Paul R. Bottei
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway
Ste. 200
Nashville, TN 37203

Henry Alan Martin
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway
Ste. 200
Nashville, TN 37203

Robert L. Hutton
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Sedley Alley
RMSF-Nashville
Unit II
7475 Cockrill Bend Industrial Road
Nashville, TN 37209--101

Joseph F. Whalen
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Glenn R. Pruden
OFFICE OF THE ATTORNEY GENERAL
425 Fifth Ave., N.
Nashville, TN 37243--049

Honorable Bernice Donald
US DISTRICT COURT